UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VELMO USA, LLC | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Case No. 19-32515-acs |
| | ) | |

**EMERGENCY MOTION FOR AUTHORITY TO USE CASH
COLLATERAL AND PROVIDE ADEQUATE PROTECTION**
\* \* \*   \* \* \*   \* \* \*

The Debtor, Velmo USA, LLC (the "Debtor"), by proposed counsel, hereby requests authority to use cash collateral and provide adequate protection to each entity with an interest in such cash collateral. In support of this Motion, the Debtor states as follows:

**Jurisdiction**

1.     The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue for these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2.     The statutory bases for the relief sought in this Motion are 11 U.S.C. §§ 105, 361, and 363, Fed. R. Bankr. P. 4001(b) and 9014.

3.     On August 6, 2019 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to 11 U.S.C. §§ 1107 and 1108, Debtor continues to operate its business and manage its property as a debtor in possession.

4.     No trustee, examiner, or committee of any kind has been appointed in this chapter 11 case.

**Background**

5.      The Debtor is a Kentucky limited liability company engaged in precision engineering and custom manufacturing from its headquarters in LaGrange, Kentucky. The Debtor leverages its expansive global network of suppliers to service the automotive, construction, chemical, and food industries.

6.      The Debtor generated approximately $10 million in gross sales revenues in 2018, and projects revenues of approximately $7.5 million for 2019. As of the Petition Date, the Debtor employs eight (8) full-time salaried employees.

7.      The Debtor represents, to the best of its knowledge and ability, that as of the Petition Date it has the following assets which can be used, subject to Court approval, in ongoing business operations to preserve or enhance the value of the bankruptcy estate: cash accounts (approximate balance: $69,000); accounts receivable (estimated value: $305,000); and inventory (estimated value: $735,000).[1]

8.      In calendar year 2018, the Debtor encountered a perfect storm of supply chain problems that caused an unexpected increase in freight expenses, shipping delays, and postponement of a project that is likely to yield an additional $3 million in revenue to the Debtor. Unfortunately, while seeking respite from its short-term cash flow problems the Debtor encountered several willing lenders who trade in short-term business loans commonly referred to as "merchant cash advances" ("MCAs"). In mid-2018, the Debtor entered into its first MCA loan and thereby began a downward spiral of indebtedness that culminated in weekly, and in some cases daily, sweeps of the Debtor's operating account to service outstanding MCA loans that were perpetually being renewed or refinanced on increasingly unfavorable terms to the Debtor.

---

[1] The Debtor's inventory valuation is comprised of $400,000 in pre-paid inventory; $160,000 of "on the water" inventory; $150,000 on hand in LaGrange, Kentucky; and $25,000 stored in Germany.

Ultimately, the Debtor's reliance on financing provided through MCAs only exacerbated its cash crunch such that the Debtor had no viable option other than to seek chapter 11 bankruptcy protection.

9.    Prior to its entanglement with MCAs, the Debtor obtained traditional financing for operations and capital expenditures through one or more loans from Eclipse Bank, Inc. As of the Petition Date, the Debtor owes approximately $485,000.00 to Eclipse Bank under the existing loan agreements. To secure repayment of indebtedness to Eclipse Bank, the Debtor pledged its interest in, *inter alia*, all inventory, equipment, accounts, chattel paper, instruments, letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles, whether then existing or thereafter arising, whether then owned or thereafter acquired, and all products and proceeds thereof (the "Eclipse Collateral"). Eclipse Bank perfected its interest in the Eclipse Collateral upon the filing of a UCC financing statement with office of the Kentucky Secretary of State on September 8, 2014, and has timely maintained such security interests. The Eclipse Collateral constitutes Eclipse Bank's "cash collateral" as that term is defined in 11 U.S.C. § 363(a). Accordingly, the Debtor requires the Court's authorization to use the Cash Collateral in the ordinary course of its business during the pendency of this bankruptcy case.

10.    On or around May 9, 2017, the Debtor entered into a factoring agreement with AmeriFactors Financial Group, LLC, a wholly owned subsidiary of Gulf Coast Bank & Trust Company ("AmeriFactors"), for the sale and assignment of up to $1,250,000.00 of the Debtor's accounts receivables generated over a period of one (1) year. To secure repayment of indebtedness to AmeriFactors, the Debtor pledged its interest in the Eclipse Collateral to AmeriFactors. AmeriFactors perfected its interest in the Eclipse Collateral upon the filing of a UCC financing

statement with the office of the Kentucky Secretary of State on August 30, 2017. Therefore, the Eclipse Collateral constitutes AmeriFactors "cash collateral" as that term is defined in 11 U.S.C. § 363(a). Furthermore, an intercreditor agreement between AmeriFactors and Eclipse Bank may exist whereby Eclipse Bank agreed to subordinate its interest in the Eclipse Collateral to AmeriFactors. Accordingly, the Debtor requires the Court's authorization to use the Cash Collateral in the ordinary course of its business during the pendency of this bankruptcy case.

11.    As described above, certain of the entities offering MCAs to the Debtor have filed UCC financing statements with the Kentucky Secretary of State to assert an interest in the Eclipse Collateral. The Debtor believes that several of the UCC financing statements filed by the MCA lenders may constitute avoidable transactions or are otherwise related to legally unenforceable claims. Moreover, as a result of AmeriFactors' and Eclipse Bank's competing interests in the Cash Collateral, the Debtor believes that the MCA lenders' liens are of de minimis value under 11 U.S.C. § 506, for which no adequate protection is offered at this time. Other entities which may assert an interest in the Cash Collateral, and are at least entitled to notice of this Motion are as follows:

a.    Gateway Trade Funding Co. 2 LLC;

b.    On Deck Capital, Inc.;

c.    C T Corporation System, as representative;

d.    Business Fund Source;

e.    Kash Capital;

f.    SPG Advance LLC; and

g.    Fast Advance Funding, LLC.

## Relief Requested

12.     As more fully set forth in the Debtor's projected budget attached hereto as **Exhibit A** (the "Budget"), the Debtor seeks authorization to use Cash Collateral on an interim basis through September 30, 2019 (the "First Interim Period"). The Debtor seeks to meet its ordinary and necessary post-petition expenditures through use of approximately $153,500.00 of Cash Collateral.

13.     The Debtor's use of Cash Collateral is imperative to ensure the Debtor's continued operations and to maximize creditors' recovery. Use of Cash Collateral in the ordinary course of Debtor's business preserves the value of the Debtor's assets. Conversely, if the Debtor does not have such authority the value of the bankruptcy estate will immediately and substantially diminish, and there would be no reasonable prospect for financial rehabilitation through this chapter 11 case.

14.     Entry of the proposed Order is in the best interests of the estate and its creditors because the authority requested herein will minimize disruption of the Debtor's business as a "going concern" and increase the possibilities for a successful reorganization.

15.     Pursuant to 11 U.S.C. §§ 361 and 363(e), AmeriFactors and Eclipse Bank are entitled to adequate protection of their respective interests in the Cash Collateral to the extent of the diminution in value thereof.

16.     As and for adequate protection in consideration of the Debtor's continued possession and use of Cash Collateral, the Debtor proposes to grant AmeriFactors and Eclipse Bank replacement liens on all collateral of the same type and priority as AmeriFactors and Eclipse Bank held as valid and properly perfected lines prior to the Petition Date. The proposed adequate protection arrangement will preserve the status quo between and among the Debtor, AmeriFactors,

and Eclipse Bank, and neither enhance nor impair AmeriFactors' and Eclipse Bank's rights vis-à-vis other creditors of the Debtor's estate.

17.     No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order authorizing Debtor's use of the Cash Collateral in the ordinary course of Debtor's business, subject to conditions necessary to provide adequate protection to AmeriFactors' and Eclipse Bank's interest therein, and all other relief as the Court deems necessary and just.

Respectfully submitted,

/s/ Tyler R. Yeager
CHARITY S. BIRD
TYLER R. YEAGER
**Kaplan Johnson Abate & Bird, LLP**
710 West Main Street, 4th Floor
Louisville, Kentucky 40202
Telephone: 502.416.1630
Facsimile: 502.540.8282
Email: cbird@kaplanjohnsonlaw.com
Email: tyeager@kaplanjohnsonlaw.com
*Proposed Counsel for Debtor*

6

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Local Rule 9036-1, I certify that on August 7, 2019, I sent a copy of the foregoing *Emergency Motion for Authority to Use Cash Collateral and Provide Adequate Protection* to the United States Trustee and all parties who have requested notice in the above-captioned case by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; and (2) First Class U.S. Mail if the Notice of Electronic Filing from this Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service.

It is further certified that on August 7, 2019, I sent a copy of the foregoing *Emergency Motion for Authority to Use Cash Collateral and Provide Adequate Protection* via First Class U.S. Mail to all persons on the creditor matrix that was filed with the petition, addressed as listed therein.

And it is further certified that on August 7, 2019, I sent a copy of the foregoing *Emergency Motion for Authority to Use Cash Collateral and Provide Adequate Protection* via electronic mail to the following addresses:

AmeriFactors Financial Group, LLC: questions@AmeriFactors.com;

C  T  Corporation  System,  as  representative:  CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com;

Eclipse Bank, Inc.: info@eclipsebank.com;

Gateway Trade Funding Co. 2, LLC: tnovembrino@gatewaytradefunding.com, and mpolinsky@gatewaytradefunding.com;

On Deck Capital, Inc., c/o Secured Lender Solutions: uccsprep@cscinfo.com, and support@ondeck.com;

and

SPG Advance LLC: admin@spgadvance.com.

/s/ Tyler R. Yeager
CHARITY S. BIRD
TYLER R. YEAGER